449 P.2d 609

**In the Matter of a Member of the State Bar of Arizona, John A. METHEANY, Respondent.**

No. 9320.

Supreme Court of Arizona.

In Banc.

Jan. 9, 1969.

Sheldon Green, Phoenix, for respondent.

William H. Rehnquist, Phoenix, Examiner, representing Arizona State Bar.

McFARLAND, Justice:

In 1962 John A. Metheany, a Phoenix lawyer, was indicted for making a false oath in bankruptcy proceedings. The case has been before the federal courts ever since. At least two convictions have been set aside for technical reasons. In 1967 he was convicted and sentenced to two years in prison. On November 1, 1967, the local administrative committee of the Arizona State Bar held a hearing to determine whether Metheany should be disciplined for the conduct which led to the conviction. In January 1968, after the hearing, the committee recommended suspension from practice until the U. S. Circuit Court of Appeals rendered its decision on Metheany's appeal, which was then pending. If the conviction was affirmed, the suspension would be changed to disbarment; if the conviction was set aside, the suspension would be lifted.

In February 1968 the U. S. Circuit Court of Appeals affirmed the conviction, and a request for a hearing was later denied. However, the Circuit Court's mandate was stayed to permit Metheany to apply for a writ of certiorari in the U. S. Supreme Court. In April 1968 a hearing was had before the Board of Governors of the Arizona State Bar after which the Board sent to this Court its recommendation for suspension of Metheany until such time as the U. S. Supreme Court grants or denies the writ of certiorari. The statutes pertinent to the instant case are as follows:

"§ 32–267. Grounds for Disbarment
"An attorney licensed to practice law in this state may have his license revoked or suspended by the supreme court for any of the following reasons:
"1. For conviction of a felony, * * * in which case the record of conviction is conclusive."

* * *

"§ 32–272. Certification to supreme court of record of conviction for felony or for offense involving moral turpitude

"A. After conviction of an attorney at law of a felony * * *, the clerk of the court in which the conviction is had shall within thirty days thereafter transmit to the supreme court a certified copy of the record of conviction, and the supreme court upon receipt of such record shall enter an order disbarring the attorney.
"B. If an appeal is taken after a conviction, the appeal shall stay sending the record to the supreme court until final disposition of the appeal by the supreme court."

All parties appear to have agreed that the statute should be construed to cov-

er federal court convictions as well as those of the state courts. We agree.

 The Board of Governors concedes that *disbarment* is governed by A.R.S. § 32–272, and cannot be imposed because the lack of finality of the conviction prevents the record from being sent to us. The Board, however, feels that A.R.S. § 32–267 permits *suspension* without waiting for the U. S. Supreme Court to act. We are unable to agree with this view. There is no difference (material to the instant case) between suspension and disbarment. Disbarment is merely a permanent suspension, and suspension is but a temporary disbarment.

 Suspension is generally imposed when the offense is not deemed severe enough to justify disbarment. In re Rogers, 100 Ariz. 214, 412 P.2d 710. We see no reason why the mechanics governing one should differ from those governing the other. The principle underlying the whole scheme of punishment as provided for by Sections 32–267 through 272 is that the offender's reputation and livelihood ought not to be taken from him until his guilt is finally determined. It therefore follows that it is irrelevant whether the appeal is direct—as it was to the U. S. Circuit Court —or by way of a petition for certiorari— as in this case. In either event, as long as a higher court has the power to set aside the conviction, it cannot be treated as a finality, and used as a basis for disciplinary action. Fair play and elementary justice demand this result.

The administrative Committee's representative stated at the hearing that:

"This is not a situation where there is any real doubt as to the offense."

We have held that as to facts, the recommendations of the Board of Governors are entitled to serious consideration. In re Rogers, supra; In re MacDonald, 56 Ariz. 120, 105 P.2d 1114. However, in the instant case there is no dispute as to facts. The case only involves the construction of A.R.S. § 32–272, supra. The State Bar could have proceeded under other provisions of A.R.S. § 32–267, but relied only on Section 1 thereof.

 For these reasons we did not grant a suspension. However, on this date, a copy of the order denying the writ of certiorari by the U. S. Supreme Court was filed in this Court by the Arizona State Bar Association. It is therefore ordered that respondent John A. Metheany be, and is hereby, disbarred from further practice of law in the State of Arizona.

UDALL, C. J., and LOCKWOOD, STRUCKMEYER and HAYS, JJ., concur.