STATE BAR GRIEVANCE ADMINISTRATOR v SAUER

1. ATTORNEY AND CLIENT—DISCIPLINE OF ATTORNEY—CONVICTION OF CRIME—STATE BAR RULES—HEARING PANEL—STATE BAR GRIEVANCE BOARD.

 Discipline may not be "summarily imposed" by the State Bar Grievance Board on an attorney convicted of a crime described in State Bar Rule 16.17; as in the case of normal disciplinary proceedings, there must be an individual hearing before a hearing panel in accordance with the procedures as set forth in State Bar Rules 16.8, 16.10, 16.11 and 16.13 (State Bar Rules 16.8, 16.10, 16.11, 16.13, 16.17).

2. ATTORNEY AND CLIENT—STATE BAR RULES—STATE BAR GRIEVANCE ADMINISTRATOR—ATTORNEY'S MISCONDUCT—CONVICTION OF CRIME—BURDEN OF PROOF—EVIDENCE.

 State Bar Rule 16.17 relieves the State Bar Grievance Administrator of the burden of establishing actionable misconduct under Rule 15, § 2(5), against an attorney convicted of a serious crime and it allows the Administrator to satisfy the burden of proof, a "preponderance of the evidence" by placing before the hearing panel proper evidence of a "final" conviction (State Bar Rules 15, § 2[5], 16.17).

3. ATTORNEY AND CLIENT—HEARING PANEL—CONVICTION OF CRIME—EVIDENCE—HEARING—DISCIPLINE OF ATTORNEY—APPEAL AND ERROR.

 A State Bar hearing panel will consider a conviction of an attorney of a crime properly placed in evidence along with all other relevant evidence offered by the parties to the hearing in reaching its decision; if it finds discipline of the attorney warranted, it shall enter its order accordingly relying on the proof of conviction, undiminished by convincing rebuttal evidence with respect to mitigation, as a sufficient basis for action; if, however, it finds that disciplinary action should not be taken based upon respondent's showing in mitigation, it may so enter

REFERENCE FOR POINTS IN HEADNOTES
[1–9] 7 Am Jur 2d, Attorneys at Law §§ 12–72.

its order; the normal appeals procedure is to be followed after the hearing panel has served its order.

4. ATTORNEY AND CLIENT—STATE BAR RULES—SUSPENSION OF ATTORNEY—CONVICTION OF CRIME.

The Michigan Supreme Court in adopting State Bar Rule 16.17 intended that suspension of an attorney could take place *before* reversal of the conviction; otherwise, there would have been no point in requiring vacation of the suspension upon reversal of the conviction (State Bar Rule 16.17).

5. ATTORNEY AND CLIENT—CONVICTION OF CRIME—SUSPENSION OF ATTORNEY—DISCIPLINE OF ATTORNEY—STATE BAR RULES—STATE BAR GRIEVANCE BOARD—APPEAL AND ERROR.

The reason for the Michigan Supreme Court adopting the State Bar Rule concerning suspension of an attorney for conviction of a crime is the injustice to the public and to the good name of the legal profession to permit an attorney who has been convicted of a serious wrongdoing to continue to practice without undergoing appropriate discipline at the hands of that Court through the State Bar Grievance Board; if the attorney is able to obtain reversal in a showing on appeal that the lower court determination was erroneous, the rule provides for mandatory vacation of suspension (State Bar Rule 16.17).

6. ATTORNEY AND CLIENT—CONVICTION OF CRIME—APPEAL AND ERROR—HEARING PANEL—STATE BAR GRIEVANCE BOARD—DISCIPLINE OF ATTORNEY.

The pendency of an appeal by an attorney from his conviction of a crime is a factor to be taken into careful consideration as a mitigating factor or circumstance by the hearing panel and the State Bar Grievance Board in deciding whether to impose discipline on an attorney.

7. ATTORNEY AND CLIENT—APPEAL AND ERROR—CONVICTION OF CRIME—EVIDENCE—HEARING PANEL—STATE BAR GRIEVANCE BOARD—DISCIPLINE OF ATTORNEY—TRANSCRIPTS.

The availability of appellate remedies, the nature and seriousness of the offense of which the attorney stands convicted, whether a prison sentence has been imposed, whether service of the sentence has commenced, the substantiality of the grounds of appeal, and the likelihood of reversal are the sort of mitigating factors and circumstances that an attorney may present in evidence to the hearing panel and the State Bar Grievance Board; the Board must take care in the timing of disciplinary proceedings to assure a convicted attorney the opportunity to

offer at the grievance hearing a transcript of the trial proceedings at which the relevant conviction was obtained.

8. ATTORNEY AND CLIENT—HEARING—DEFERRAL—CONVICTION OF
    CRIME—TRANSCRIPTS—HEARING PANEL—GOOD CAUSE—STATE
    BAR RULES—ANSWER.

    Request for deferral of a grievance hearing in order to obtain and
       examine a transcript shall constitute "good cause" under State
       Bar Rule 16.11 compelling a hearing panel to extend the time
       allowed for respondent attorney's filing of an answer, if substantiated by a hearing panel's determination of the attorney's
       exertion of reasonable efforts to procure a transcript of the trial
       proceedings at which his relevant conviction of a crime was
       obtained (State Bar Rule 16.11).

9. ATTORNEY AND CLIENT—DISCIPLINE OF ATTORNEY—STATE BAR
    GRIEVANCE BOARD—DISMISSAL AND NONSUIT—STATE BAR
    RULES.

    Order of discipline of the State Bar Grievance Board is vacated
       and the disciplinary proceedings against an attorney is dismissed without prejudice to the institution of new proceedings
       where the Board did not proceed in a manner consistent with
       the general procedure under State Bar Rule 16.17 (State Bar
       Rule 16.17).

Appeal from State Bar Grievance Board. Submitted June 7, 1973. (No. 2 June Term 1973, Docket No. 54,447.) Decided December 18, 1973.

Disciplinary proceedings against Frederick A. Sauer, Jr. Order entered suspending respondent from practice of law for one year. Respondent appeals. Order vacated and proceedings dismissed without prejudice.

*Eugene N. LaBelle,* for the State Bar Grievance Administrator.

*Allen D. Tucker,* for respondent.

WILLIAMS, J. This case concerns two issues arising from Rule 16.17 of the Michigan Supreme Court Rules for the State Bar Grievance Board.

Issue 1 is the same issue recently before this Court in *State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973), namely what kind of procedure must the State Bar Grievance Board pursue under Rule 16.17 in a discipline case based on an attorney's conviction of a crime.

Issue 2 is novel to the instant case, whether the State Bar Grievance Board may impose a penalty upon respondent under Rule 16.17 after a trial court conviction but before respondent has exhausted all of his appeal possibilities.

## I —FACTS

On August 14, 1972 respondent, in a bench trial in the Western Federal District of Michigan, was found guilty of three counts and not guilty of three counts of a six count indictment for false income tax returns. On the same day he was sentenced to concurrent terms of one year imprisonment on each count. Respondent has appealed that conviction and was granted stay of sentence pending appeal.

Thereafter, on August 29, 1972, respondent was ordered to appear before the State Bar Grievance Board on September 22, 1972 to show cause why he should not be disciplined under Rule 16.17 because of his Federal conviction. Respondent answered, pleading (1) that the Federal judge had found that "[t]he witnesses testifying to character and veracity were impressive;" (2) that the Federal judge further observed that "there was no evidence * * * Sauer was guilty of sharp or dishonest practices"; and (3) that there was no final resolution of guilt or innocence, thus the State Bar Grievance Board's action was premature and a deprivation of respondent's property without due

process of law. After hearing on the order to show cause, the State Bar Grievance Board found the respondent fell within the provisions of Rule 15, § 2(5) and Rule 16.17 and was therefore subject to discipline.[1] Respondent was thereupon ordered suspended from the practice of law in Michigan for one year and until proper reinstatement. With the order of suspension, respondent was granted claim of appeal and stay of order.

Respondent appealed to this Court. We granted stay of discipline on November 3, 1972 and heard the case on June 7, 1973.

## II —PERTINENT LAW

Rule 16.17 which raises the issues in this case reads as follows:

"16.17 SUSPENSION; CONVICTION OF A CRIME

"Any attorney convicted of a felony, or convicted of a crime punishable by imprisonment for a term of one year or more, or convicted of a crime involved moral turpitude or sentenced after a plea of nolo contendere in connection with any of the foregoing, may, upon such conviction or sentence, be suspended by the Board and he shall thereupon cease to practice law. The Board shall file and serve such order the same as set forth for other orders of discipline.

"Upon a pardon the Board may, and upon a reversal of the conviction the Board shall, enter its order to vacate the suspension. Thereupon the name of the person shall be returned to the roster of attorneys and counselors at law of this state. The Board shall file and serve such order the same as set forth for orders of discipline."

---

[1] The State Bar Grievance Board should note that its order to show cause relied on Rule 16.17, whereas its final order of suspension is based upon both Rule 16.17 and Rule 15, § 2(5). The obvious due process notice problems raised by this practice are not passed upon in this opinion as the procedural irregularities below, in any case, require vacation of the order and dismissal of these proceedings.

The instant case and the recent case of *Lewis,* are cases of first impression interpreting Rule 16.17.

## III —GENERAL PROCEDURE UNDER 16.17— ISSUE 1

*Lewis, supra,* laid out in great detail the proceedings to be followed by the State Bar Grievance Board when acting under Rule 16.17. We reaffirm our opinion in that case, and because of the importance of this issue, restate the significant steps to be followed by the Board in such proceedings:

(1) Discipline may not be "summarily imposed" by the State Bar Grievance Board on an attorney convicted of a crime described in Rule 16.17. 389 Mich 677.

(2) As in the case of normal disciplinary proceedings, there must be an individual hearing before a hearing panel in accordance with the procedures as set forth in Rules 16.8, 16.10, 16.11 and 16.13. 389 Mich 677.

(3) Rule 16.17 relieves the Administrator of the burden of establishing actionable misconduct under Rule 15, § 2(5), against an attorney convicted of a serious crime and it allows the Administrator to satisfy the burden of proof, a "preponderance of the evidence" by placing before the hearing panel proper evidence of a "final" conviction. 389 Mich 677–678.

(4) When "a conviction is properly placed in evidence, the hearing panel will consider it, along with all other relevant evidence offered by the parties to the hearing, in reaching its decision. If it finds discipline warranted, it shall enter its order accordingly relying on the proof of conviction, undiminished by convincing rebuttal evidence with respect to mitigation, as a sufficient basis for action. If, however, it finds that disciplinary action should not be taken based upon respondent's showing in mitigation, it may so enter its order." 389 Mich 678.

(5) The normal appeals procedure is to be followed after the hearing panel has served its order. 389 Mich 678.

# IV —"FINALITY" OF CONVICTION—ISSUE 2

The principal issue in this case is whether the State Bar Grievance Board may take action against a party who has been convicted by a court but whose appellate review has not been exhausted.

The critical language in Rule 16.17 is as follows:

"Any attorney convicted or sentenced after a plea of nolo contendere * * * may, upon such conviction or sentence, be suspended by the Board * * * .

"Upon a pardon the Board may, and upon reversal of the conviction the Board shall, enter its order to vacate the suspension."

The Grievance Board argues logically that the term "reversal" in the second quoted paragraph above is rendered meaningless if "conviction" is deemed to mean *finalized* "conviction." We agree with this literal analysis. This Court in adopting Rule 16.17 intended that suspension could take place *before* reversal of the conviction; otherwise, there would have been no point in requiring vacation of the suspension upon reversal of the conviction.

It is obvious that the reason for this Court adopting Rule 16.17 is the injustice to the public and to the good name of the legal profession in permitting an attorney who has been convicted of a serious wrongdoing to continue to practice without undergoing appropriate discipline at the hands of this Court through the State Bar Grievance Board. The justice of the matter is to discipline an attorney whom the Board finds has committed a wrong and has been convicted thereof. If the attorney is able to obtain reversal in a showing on appeal that the lower court determination was erroneous, Rule 16.17 provides for mandatory va-

cation of suspension. In this manner, this Court has shown its recognition of, and concern about, the irreparable harm done to the Bar and to public confidence in the administration of justice when persons known to be convicted of crimes continue to hold themselves out as officers of the court.

The foregoing does not mean that the fact that appellate review remains available is meaningless in a Rule 16.17 proceeding. The pendency of an appeal is a factor to be taken into careful consideration as a mitigating factor or circumstance by the hearing panel and the Grievance Board in deciding whether to impose discipline. Again, as we held in *Lewis:*

"The convicted attorney must be given an opportunity to explain in detail those mitigating factors and circumstances which might cause the Board not to exercise its discretionary power to act under this section." 389 Mich 676–677.

This is precisely the opportunity respondent in the instant case was seeking in his answer to the Board show cause order.

The availability of appellate remedies, the nature and seriousness of the offense of which the attorney stands convicted, whether a prison sentence has been imposed, whether service of the sentence has commenced, the substantiality of the grounds of appeal, the likelihood of reversal—all of these are the sort of mitigating factors and circumstances that an attorney may present in evidence to the hearing panel and the Grievance Board.

In this regard, the State Bar Grievance Board must take care in the timing of disciplinary proceedings to assure a convicted attorney the opportunity, should he or she so desire it, to offer at the

grievance hearing a transcript of the trial proceedings at which the relevant conviction was obtained. Since it often takes a considerable time to obtain such a transcript, as long as the attorney is exerting reasonable efforts to obtain the trial transcript, the hearing should be deferred until it becomes available and there is reasonable time and opportunity for the attorney to examine it so that he or she can make a full defense. Request for such a deferral, if substantiated by a hearing panel's determination of an attorney's exertion of reasonable efforts to procure such transcript, shall constitute "good cause" under Rule 16.11 compelling such hearing panel to extend the time allowed for respondent attorney's filing of an answer.[2]

## V —CONCLUSION

Though, consonant with this opinion, action may be taken by the State Bar Grievance Board on a conviction where appeal is pending or potential, the Board did not proceed in the instant case in a manner consistent with Section III of this opinion and *Lewis, supra.*

For that reason, the order for discipline of the State Bar Grievance Board is hereby vacated and the disciplinary proceedings against appellant dismissed without prejudice to the institution of new proceedings in conformity with this opinion.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, LEVIN, and M. S. COLEMAN, JJ., concurred with WILLIAMS, J.

---

[2] Rule 16.11 provides in relevant part:

"16.11 ANSWER; TIME; EXTENSION OF TIME TO ANSWER; PLEADING TO CONFORM TO CIRCUIT COURT. Within twenty days after the service of the complaint, unless further time is extended by the Hearing Panel upon good cause shown, respondent shall file a signed written answer to the complaint * * * ."