[L.A. No. 30442. In Bank. May 19, 1976.]

In re JACK KIRSCHKE on Disbarment.

■■■■■■■■■■

■■■■■■■■■■■■

---

**COUNSEL**

Roger Hanson, Griffith D. Thomas and George T. Davis for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

---

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar that petitioner be disbarred. He was admitted to practice law in this state in 1956.

Petitioner was convicted in a jury trial of first degree murder (Pen. Code, § 187) for shooting his wife and her lover. His conviction was affirmed by the Court of Appeal in an unpublished opinion, and his petition for hearing in this court was denied. Petitioner then filed a petition for writs of habeas corpus and *coram nobis.* After an extensive evidentiary hearing, the trial court denied the petition, the Court of Appeal unanimously concurred (*In re Kirschke* (1975) 53 Cal.App.3d 405 [125 Cal.Rptr. 680]), and we again denied a hearing.

When this court received record of petitioner's conviction, we noted that his crime involved moral turpitude and suspended him from the practice of law under the authority of Business and Professions Code section 6102, subdivision (a). Upon the finality of petitioner's conviction, we ordered him to show cause why a final disciplinary order should not be made. He filed a response, requesting a delay pending the outcome of his habeas corpus proceeding in the trial court. After relief was denied in that proceeding, we referred the matter to the State Bar on the issue of

■■■■■■

discipline. Following hearings, a local administrative committee unanimously recommended disbarment, and the disciplinary board, by an 11-1 vote, concurred.

Section 6102, subdivision (b), provides that if this court finds an attorney has been convicted of a crime involving moral turpitude, it shall "enter an order disbarring the attorney or suspending him from practice for a limited time, according to the gravity of the crime and the circumstances of the case; . . ." We have twice determined—in our interim suspension of petitioner and in our order to him to show cause why he should not be disciplined—that the murder he stands convicted of committing involved moral turpitude. Petitioner does not dispute this conclusion.

Instead, petitioner seeks in this proceeding to reassert his innocence of the murder. He is expressly precluded from this course of action by section 6101, which provides that in a proceeding to disbar an attorney because of a criminal conviction, "the record of conviction shall be conclusive evidence of guilt of the crime of which he has been convicted." Petitioner not only received a fair and lengthy trial by a jury of his peers and subsequent appellate review, but he also obtained a further exhaustive evaluation of his contentions when he filed a habeas corpus petition. Petitioner's attempt in this proceeding to further collaterally attack his conviction must be rejected.

The facts and circumstances surrounding petitioner's crime are relevant only to determine appropriate discipline. (*In re Bogart* (1973) 9 Cal.3d 743, 748 [108 Cal.Rptr. 815, 511 P.2d 1167].) Viewed in this light, no mitigating factors have been raised by petitioner.

As petitioner has been convicted of the gravest of crimes and no mitigating circumstances are apparent, we can only conclude that he is presently unqualified to practice law in this state.

It is ordered that petitioner be disbarred and that his name be stricken from the roll of attorneys, effective 30 days after the filing of this opinion.