In re Jesse Benjamin STONER.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 16, 1981.

Omer W. Franklin, Jr., Gen. Counsel, Joe David Jackson, Asst. Gen. Counsel, Atlanta, Ga., for State Bar of Georgia.

Jesse Benjamin Stoner, Marietta, Ga., for respondent.

## DISCIPLINARY PROCEEDING

## ORDER

TIDWELL, District Judge.

On October 29, 1980, an order was entered by the Supreme Court of Georgia suspending the respondent Jesse Benjamin Stoner from the practice of law in the State of Georgia pending the outcome of the appeal of his felony conviction in Jefferson County, Alabama. This suspension was made pursuant to Rule 4–106 of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("State Bar Rule_____"). Local Rule 71.52 provides for suspension of an attorney from the bar of this court upon suspension of that attorney by the courts of the State of Georgia. Pursuant to Local Rule 71.52, the respondent was ordered to show cause before this court on November 24, 1980 as to why the Order of the Supreme Court of Georgia, dated October 29, 1980, should not be made the order of this court. The respondent was present at the hearing before this court on November 24, 1980 and filed written objections to the State suspension being given federal effect. The State Bar of Georgia filed a response on December 10, 1980.

The State Bar Rules, adopted by the Supreme Court of Georgia pursuant to Georgia Laws 1963, page 70, provide for the regulation of attorneys practicing in the State of Georgia. *State Bar of Georgia*, 219 Ga. 873 (1963). State Bar Rule 4–102 provides for disciplinary action including suspension and disbarment to be taken upon violation of any of the Standards of Conduct which are enumerated within that Rule. Standard 66 provides for disbarment upon "final conviction of any felony or misdemeanor involving moral turpitude." State Bar Rule 4–106 provides for suspension from the practice of law pending appeal of a conviction of a felony or a misdemeanor involving moral turpitude as follows:

[a]n appeal of a conviction, in any jurisdiction, of any felony or misdemeanor involving moral turpitude shall not divest the State Disciplinary Board of jurisdiction to order a hearing before itself or a special master appointed by the Supreme Court requiring the convicted attorney to show cause why he should not be suspended during the appeal.... Upon termination of any appeal of such conviction, the State Disciplinary Board shall, after notice to a suspended attorney, cause a hearing to be held either by the Board or a panel thereof, for the purpose of determining whether the circumstances of the termination of the appeal indicate that the suspended attorney should [be disbarred, reinstated, suspended pending retrial, or reinstated pending further investigation].

The respondent was convicted in May, 1980 in an Alabama court of the felony of setting off dynamite dangerously near or in an inhabited building and was sentenced to ten years in prison. Following notice and a hearing before a Special Master on August 6, 1980 at which the respondent was present and given an opportunity to be heard and present evidence on his behalf, the Supreme Court of Georgia adopted the recommendation of the Special Master that the respondent be suspended from the practice of law in Georgia pending the outcome of the appeal of his Alabama conviction. The re-

spondent has at no time challenged the fact of his conviction and sentence or the procedure applied in his suspension, and continues to argue here as he did before the Special Master and in briefs to the Supreme Court of Georgia that State Bar Rule 4–106 is unconstitutional under both the Constitution of the State of Georgia and the Constitution of the United States. The respondent contends that suspension from the practice of law prior to the exhaustion of all appeals is violative of due process rights guaranteed him under State and Federal Constitutions.

■ Generally state disciplinary proceedings are given great weight in the federal courts; however, they are not conclusively binding. *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Federal courts are required to give "intrinsic consideration" to the state proceedings to insure due process, adequate proof, and that principles of right and justice were observed. *In Re Dawson*, 609 F.2d 1139, 1142 (5th Cir. 1980). Although the respondent has challenged the constitutionality of State Bar Rule 4–106 both on its face and as applied to him, he has failed to allege any procedural violation with respect to his disciplinary process. Thus, the court need not address the procedural aspects of this particular state proceeding except as they affect the constitutionality of the rule on its face.

Courts have an inherent power to supervise and discipline the attorneys which practice before them for the protection of the public. This power is derived from the special relationship that exists between the bar and the judiciary.

The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included. The court's control over a lawyer's professional life derives from his relation to the responsibilities of a court. The matter was compendiously put by Mr. Justice Cardozo, while Chief Judge of the New York Court of Appeals. " 'Membership in

the bar is a privilege burdened with conditions' (*Matter of Rouss*, [221 N.Y. 81, 84, 116 N.E. 782, 783]). The appellant was received into that ancient fellowship for something more than private gain. He became an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice." *People ex rel. Karlin v. Culkin*, 248 N.Y. 465, 470–471, 162 N.E. 487, 489. The power of disbarment is necessary for the protection of the public in order to strip a man of the implied representation by courts that a man who is allowed to hold himself out to practice before them is in "good standing" to do so.

*Theard v. United States*, 354 U.S. at 281, 77 S.Ct. at 1276. Disciplinary procedures are viewed as a function of maintaining the integrity of the bar and avoiding the appearance of impropriety. *United States v. Friedland*, 502 F.Supp. 611 (D.N.J.1980). Thus, discipline of convicted attorneys is seen as both "a catharsis for the profession and a prophylactic for the public." *Maryland State Bar Association, Inc. v. Agnew*, 271 Md. 543, 549, 318 A.2d 811, 814 (1974).

In Georgia as in several other jurisdictions, the purpose of suspension from the practice of law pending appeal of a felony conviction or conviction of a misdemeanor involving moral turpitude is not to punish the attorney for the underlying offense, but to protect the public and to promote their confidence in the judicial system. *In Re Jesse Benjamin Stoner, supra; Gordon v. Clinkscales*, 215 Ga. 843, 114 S.E.2d 15 (1960). It is not the fact that the attorney may have committed the underlying wrong, but the fact that the attorney is a "convicted felon" or stands convicted of an offense involving moral turpitude that tends to impair public confidence in the judicial system and the integrity of the bar as a whole.

■ The Supreme Court of Georgia upheld the constitutionality of State Bar Rule 4–106 as rationally related to the legitimate state interest in promoting public confidence in the judicial system and protecting the public from those attorneys who have been convicted of crimes involving moral

4

turpitude. *In Re Stoner,* —— Ga. ——, 272 S.E.2d 313 (1980). In Georgia, a felony which is punishable by imprisonment is considered a crime of moral turpitude. *Lewis v. State,* 243 Ga. 443, 254 S.E.2d 830 (1979).

The respondent relies on *In Re Metheany,* 104 Ariz. 144, 449 P.2d 609 (1969) for the proposition that it is unfair to discipline an attorney for a criminal conviction until that conviction is final, *i. e.,* until all appeals are exhausted. In *Metheany,* where state bar rules did not provide for interim suspension pending appeal but only for disbarment following conviction, the court construed the state bar rule to permit disciplinary action only upon final conviction, when higher courts no longer had the power to set aside the conviction. In a similar vein is *In Re Ming,* 469 F.2d 1352 (7th Cir. 1972), which involved the construction of a local rule of the United States District Court for the Northern District of Illinois that provided for disbarment or suspension upon conviction of a misdemeanor. Again, in construing the local rule, the circuit court required final conviction prior to disciplinary action. *Metheany* and *Ming* are thus distinguishable from the instant case since neither involved a disciplinary rule which expressly provided for suspension pending appeal. In addition, the rule construed in *Ming* applied only to misdemeanor convictions. Further, *Ming* expressly left open the possibility of disciplinary action prior to exhaustion of appeals,

> We do not, however, tie the hands of the district court so that it can never suspend a person until his conviction reaches finality. All we say is that *if the conviction itself is to be used to show that the appellant actually committed the underlying acts* which are of such a nature as to form the basis for disbarment or suspension that the conviction must have reached finality, at least to the extent of exhaustion of direct appeals.

*In Re Ming, supra* at 1354 (emphasis added).

The continued practice of law by a convicted attorney has been perceived as one of the major disciplinary problems facing the bar and the judiciary.

No single facet of disciplinary enforcement is more to blame for any lack of public confidence in the integrity of the bar than the policy that permits a convicted attorney to continue to practice while apparently enjoying immunity from discipline.

.  .  .  .  .

The consequences of permitting the convicted attorney to continue to practice are not limited to the adverse effect upon the reputation of the profession. The clients of a convicted attorney suffer also. One who is unaware of the conviction might retain the attorney and unwittingly compromise his rights. Adversary counsel aware of the conviction may be reluctant to negotiate with the attorney, to enter on a settlement with him, to entrust him with an escrow fund, or to be associated with him of counsel. These are all circumstances totally unrelated to the merits of the client's cause, and they may impair it. Moreover, the conviction may be affirmed and the attorney sent to prison while the new client's claim is pending. The client will then be forced to employ new counsel, who will have to familiarize himself with the matter. This means more delay and considerable duplication of expense to the client.

American Bar Association Special Committee on Evaluation of Disciplinary Enforcement, *Report, Problems and Recommendations in Disciplinary Enforcement,* pp. 124–125 (June, 1970).

The weight of state authority is that suspension or disbarment of an attorney from the practice of law pending the appeal of a criminal conviction involving a serious offense is necessary. *See Ex Parte Alabama State Bar,* 285 Ala. 191, 230 So.2d 519 (1970). *In Re Kirschke,* 16 Cal.3d 902, 129 Cal.Rptr. 780, 549 P.2d 548 (1976); *In Re Stoner,* 246 Ga. 581, 272 S.E.2d 313 (1980); *The Florida Bar v. Prior,* 330 So.2d 697 (Fla.1976); *Attorney Grievance Commission v. Reamer,* 281 Md. 323, 379 A.2d 171 (1977); *In Re Sauer,* 390 Mich. 449, 213 N.W.2d 102 (1973); *State ex rel. Oklahoma Bar Association v. Hall,* 567 P.2d 975 (Okl.1977); *Mitch-*

*ell v. Association of Bar of City of New York*, 40 N.Y.2d 153, 386 N.Y.S.2d 95, 351 N.E.2d 743 (1976); *State Bar of Texas v. Heard*, 603 S.W.2d 829 (Tex.1980). Federal courts also provide for suspension or disbarment of an attorney upon conviction of a felony. Rule 71.52 of the Local Rules of the United States District Court for the Northern District of Georgia. *See United States v. Friedland*, 502 F.Supp. 611 (D.N.J.1980).

It should also be noted that the Model Federal Rules of Disciplinary Enforcement provide for immediate suspension upon conviction of a serious crime regardless of "whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after a trial ... and regardless of the pendency of any appeal, until final disposition of a disciplinary proceeding to be commenced upon such conviction." *Model Federal Rules of Disciplinary Enforcement*, Rule I (as developed by the American Bar Association Standing Committee on Professional Discipline and Center for Professional Discipline, February 14, 1978 and approved by the Judicial Conference of the United States, September 21, 1978). Moreover, the procedure in Georgia, unlike the procedures in other jurisdictions and those recommended by the Model Rules, gives the convicted attorney the added protection of a show cause hearing prior to suspension where the attorney may present evidence and argue against suspension. State Bar Rule 4–106.

A recent federal decision in accord with the weight of state authority is *United States v. Friedland*, 502 F.Supp. 611 (D.N.J. 1980) In *Friedland*, the court considered the power of the court to summarily suspend an attorney following conviction of a felony consistent with due process. The court relied on *Mitchell v. Association of Bar of City of New York*, 40 N.Y.2d 153, 386 N.Y.S.2d 95, 351 N.E.2d 743 (1976), which had upheld the constitutionality of the New York summary disbarment procedure following a felony conviction on the ground that protection of the public interest outweighed any interest of the attorney in continuing to practice. The *Friedland* court upheld the constitutionality of sum-

mary suspension from the district court bar prior to the exhaustion of all appeals in spite of the fact that the State of New Jersey required exhaustion of appeals prior to institution of disciplinary procedures. The constitutionality of suspension or disbarment upon conviction has also been upheld in Maryland. *Attorney Grievance Commission v. Reamer*, 281 Md. 323, 379 A.2d 171 (1977).

██ Due process under the Fourteenth Amendment to the Constitution does not require that the states provide appellate review of criminal convictions. *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Further, a convicted felon has no absolute right to be at liberty pending appeal. *United States v. Bright*, 541 F.2d 471 (5th Cir. 1976); *United States v. Follette*, 290 F.Supp. 632 (S.D.N.Y.1968). In light of the weight of authority in support of suspension or disbarment upon conviction of a serious offense and pending appeal and the great interest in protecting the public and the integrity of the profession as a whole, it would be incongruous to hold that due process requires that an attorney be allowed to continue the practice of law pending appeal of a felony conviction or conviction of a misdemeanor involving moral turpitude. Given the notice and hearing requirements of State Bar Rule 4–106, it is apparent that the respondent's due process rights were not violated in the instant suspension. Accordingly, this court holds that State Bar Rule 4–106 is not violative of constitutional due process requirements.

██ Respondent also contends that suspending him from the practice of law prior to the exhaustion of appeals violates the Sixth Amendment rights of his clients in that they would be deprived of his counsel during the suspension. It is not apparent to this court that the respondent has established his standing to assert the rights of his clients which are not parties to the instant litigation. *See generally Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Even assuming the re-

spondent could establish his right to raise this issue, his argument is without merit. The Sixth Amendment right to counsel is not an absolute right and must yield to the "countervailing public interest in the fair and orderly administration of justice." *United States v. Salinas*, 618 F.2d 1092, 1093 (5th Cir. 1980); *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979).

It appearing that the respondent has been suspended from the practice of law in the State of Georgia, that the State proceeding afforded the respondent due process and that suspension from the practice of law before this court pending the outcome of his appeal would not violate the principles of right and justice, IT IS THEREFORE ORDERED AND ADJUDGED that said JESSE BENJAMIN STONER is HEREBY SUSPENDED from the practice of law before this court pending further action by the State Bar of Georgia or the Supreme Court of Georgia affecting his ability to practice law in the State of Georgia.