PER CURIAM.
This case presents the question of what action this court should take in an attorney disciplinary matter when an attorney who was previously suspended on the basis of his criminal conviction in federal court obtains a reversal of his conviction and petitions for the annulment and vacation of that suspension despite the fact that he has already served his suspension and been readmitted to the bar. Our rules do not explicitly govern this situation. They do provide for automatic reinstatement from interim suspension upon reversal of a conviction:
Automatic Reinstatement From Interim Suspension Upon Reversal of Conviction. An attorney will be reinstated immediatly on the reversal of his conviction for a serious crime that has resulted in his suspension, but the reinstatement will not terminate any disciplinary proceedings then pending against the attorney.
Louisiana Supreme Court Rules, Rule 19, § 19(D).
This rule is a corollary of Rule 19, § 19(C), under which this court may suspend a lawyer who has been convicted of a serious crime even before the conviction has become final. The reason for that rule is to prevent the injustice to the public and to the good name of the legal profession that would likely result from permitting an attorney who has been convicted of a serious crime to continue to practice without having undergone appropriate discipline. On the other hand, in order to provide fairness and due process to the suspended attorney, if he is able to obtain reversal in a showing on appeal that the lower court determination was erroneous, Rule 19, § 19(D), provides for mandatory vacation of the suspension and for his reinstatement. Indeed, as one court has observed, under such a rule “it is axiomatic that his reinstatement will be both automatic and retroactive upon such reversal.” In re McDonald, 292 Ala. 426, 296 So.2d 141 (1974). See, also, In re Sauer, 390 Mich. 449, 213 N.W.2d 102, 76 A.L.R.3d 1054 (1973).
Although our rules do not provide explicitly therefor, we see no reason why the same disposition should not apply to a suspension imposed as a final disciplinary sanction even after the attorney has served the suspension and been reinstated. In justice, if the suspension was based solely on his conviction he should be entitled to have it vacated upon obtaining a reversal of his conviction. On the other hand, since it is only the suspension based on the reversed conviction which the attorney is entitled to have vacated, the vacation of the suspension shall be without prejudice to the institution or continuance of other disciplinary proceedings not based on the reversed conviction.
Accordingly, respondent’s suspension based on his reversed criminal conviction is annulled and vacated without prejudice to the institution or continuation of proceedings not based on that conviction.