PER CURIAM*
This proceeding arises out of an application for reinstatement filed by petitioner, Darrell Warren Ashy, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS
On December 1, 1998, this court suspended petitioner from practice for a period of two years. In re: Ashy, 98-0662 (La.12/1/98), 721 So.2d 859. The underlying disciplinary matter arose from petitioner’s sexual relationship with a female client.[1]
After serving his suspension, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E).[2] The Office of Disciplinary Counsel (“ODC”) filed a timely | ^response to petitioner’s application, indicating that the ODC takes no position concerning the application. Accordingly, *1252 the matter was set for hearing before a hearing committee pursuant to Rule XIX, § 24(F).[3] The victim of petitioner’s [3misconduct was notified of his application for reinstatement, but she made no appearance at the hearing, nor did she otherwise object to petitioner’s application.
HEARING COMMITTEE’S RECOMMENDATION
The hearing committee conducted a formal hearing, at which petitioner testified on his own behalf. He also called numerous witnesses, all of whom are attorneys in the Lafayette area, who testified to petitioner’s capability as a lawyer and his character, honesty, and integrity.. Finally, petitioner introduced documentary evidence demonstrating that he has satisfied his monetary obligations (filing fees, costs of the prior disciplinary proceeding, and currently owed bar dues and disciplinary assessments), has published notices of his intent to apply for reinstatement, and has complied with the mandatory continuing legal education requirements for the years 1998 through 2001.
Petitioner testified that he did not engage or attempt to engage in the unauthorized practice of law while he was suspended, nor has he engaged in any professional misconduct since that time. Petitioner testified that he immediately closed his law office following his suspension and that it remains closed to this day. Petitioner expressed remorse and regret for the misconduct for which he was suspended, and candidly admitted that he was ashamed of his “awful, awful mistake.”
Following the hearing, the committee filed its report with the disciplinary board, in which it found that petitioner proved by clear and convincing evidence that he has satisfied the criteria for reinstatement set forth in Rule XIX, § 24(E). Accordingly, the committee recommended that petitioner’s application for reinstatement be granted.
Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
*1253 I ¿DISCIPLINARY BOARD’S RECOMMENDATION
In its recommendation filed in this court, the disciplinary board agreed with the hearing committee that petitioner has satisfied by clear and convincing evidence the requirements for reinstatement to the practice of law set forth in Rule XIX, § 24(E). The board noted that no objections were received to petitioner’s reinstatement; indeed, twenty-one attorneys testified in person in support of petitioner’s application. Accordingly, the board recommended that the application for reinstatement be approved.
Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Petitioner has served the two-year suspension imposed by this court in 1998, and no objections were received to his application for reinstatement. Petitioner has met the criteria for reinstatement set forth in Supreme Court Rule XIX, § 24(E). Accordingly, we will accept petitioner’s application and order that he be reinstated to the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the hearing committee and the disciplinary board, and considering the record, it is ordered that petitioner, Darrell Warren Ashy, be reinstated to the practice of law in Louisiana.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Petitioner made unwelcome sexual advances toward his client and conditioned the quality of his representation upon her participation in an ongoing sexual relationship. This court found petitioner's conduct constituted a violation of Rules 1.7(b), 2.1, and 8.4 of the Rules of Professional Conduct.

. Supreme Court Rule XIX, § 24(E) provides: A lawyer may be reinstated or readmitted only if the lawyer meets each of the following criteria, and executes and files with the petition for reinstatement or readmission a petition for reinstatement or readmission form, a copy of which can be obtained from the board administrator, or, if not, presents good and sufficient reasons why the lawyer should nevertheless be reinstated or readmitted:
(1)The lawyer has fully complied with the terms and conditions of all prior disciplinary orders except to the extent that they are abated under Section 25.
(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law during the period of suspension or disbarment.
(3) If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer’s misconduct, the lawyer shall not be reinstated or readmitted unless:
(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c) the lawyer is likely to continue to abstain from alcohol or other drugs.
(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct for *1252 which the lawyer was suspended or disbarred.
(5) The lawyer has not engaged in any other professional misconduct since suspension or disbarment.
(6) Notwithstanding the conduct for which the lawyer was disciplined, the lawyer has the requisite honesty and integrity to practice law.
(7) The lawyer has kept informed about recent developments in the law and is competent to practice and has satisfied MCLE requirements for the year of reinstatement or readmission.
(8) The lawyer has paid to the Louisiana State Bar Association currently owed bar dues.
(9) The lawyer has paid all filing fees owed to the Clerk of Court and all disciplinary costs to the Disciplinary Board.
(10) The lawyer has paid to the Disciplinary Board currently owed disciplinary administration and enforcement fees required under Section 8(A) of this rule and has filed the registration statement required under Section 8(C) of this rule.

. Rule XIX, § 24(F) provides:
Within sixty days after receiving a lawyer's petition for reinstatement or readmission, disciplinaiy counsel shall: (1) advise the lawyer and the board that disciplinary counsel will concur in the lawyer’s reinstatement or readmission, (2) advise the lawyer and the board that disciplinary counsel opposes reinstatement or readmission and request the board to set a hearing, or (3) advise the lawyer and the board that disciplinary counsel takes no position in the lawyer's reinstatement or readmission in which case the board shall set a hearing. A concurrence in reinstatement or readmission must be signed by the lawyer and disciplinary counsel and filed with the board within thirty days of disciplinary counsel’s advising that he or she will concur.