ON APPLICATION FOR REINSTATEMENT
hPER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, Joseph R. Casanova, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Casanova, 02-2155 (La.11/22/02), 847 So.2d 1169, petitioner was suspended for eighteen months stemming from multiple counts of neglect of legal matters and failure to communicate involving several clients, as well as charges of failure to cooperate and the failure of petitioner to properly terminate the representation of his clients. Petitioner subsequently filed an application for reinstatement to the practice of law, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule *1039 XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position concerning petitioner’s reinstatement. Accordingly, pursuant to Supreme Court Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to the condition that he be assigned a practice monitor. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
| pThe disciplinary board agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for reinstatement. The board also agreed that a period of supervised probation is appropriate to protect the public. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to an eighteen-month period of supervised probation. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Petitioner has served the’ eighteen-month suspension imposed by this court in 2002, and no objections were received to his application for reinstatement. After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Furthermore, we agree with the hearing committee and the disciplinary board that further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to an eighteen-month period of supervised probation. The terms of probation shall be set forth in writing and agreed to by all parties, pursuant to Supreme Court Rule XIX, Appendix C. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Joseph R. Casanova, 1 ¡¡Louisiana Bar Roll number 18164, be immediately reinstated to the practice of law in Louisiana, subject to a probationary period of eighteen months. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.