930 So.2d 942 (2006)
In re Gordon L. HACKMAN.
No. 2006-OB-0892.
Supreme Court of Louisiana.
June 2, 2006.

ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, Gordon L. Hackman, an attorney who is currently suspended from the practice of law in Louisiana.

UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Hackman, 02-1692 (La.12/4/02), 833 So.2d 916, petitioner was suspended from the practice of law for thirty months for misconduct involving the conversion of client and third-party funds. Petitioner subsequently filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel ("ODC") concurred in petitioner's reinstatement, and contemporaneously with the filing of the concurrence, the parties entered into a joint stipulation of facts relevant to this proceeding. Among other stipulations, the parties agreed that petitioner has demonstrated by clear and convincing evidence his satisfaction of all the requirements imposed by Rule XIX, § 24(E). The parties also agreed that for a period of two years, petitioner will participate in a gambling prevention and monitoring program sponsored by the Lawyers Assistance Program, and that he will abstain from gambling during that time.
Considering the joint stipulations submitted by the parties, and after further review of the issues surrounding petitioner's gambling activities, the disciplinary board agreed that petitioner has met the criteria for reinstatement in Rule XIX, § 24(E).[1] Accordingly, the board recommended that petitioner be reinstated to the practice of law, subject to the following conditions: (1) that he participate in the gambling program sponsored by the Lawyers Assistance Program for two years; (2) that he abstain from gambling during this two-year period; and (3) that he be placed on supervised probation for the *943 same two-year period so that his trust account can be monitored on a quarterly basis. Neither petitioner nor the ODC objected to the disciplinary board's recommendation.

DISCUSSION
Petitioner has served the thirty-month suspension imposed by this court in 2002, and no objections were received to his application for reinstatement. After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, as recognized by the disciplinary board, further precautions are warranted to insure that the public will be protected upon petitioner's return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to a two-year period of supervised probation governed by the conditions recommended by the disciplinary board. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.

DECREE
Upon review of the findings and recommendations of the disciplinary board, and considering the record, it is ordered that Gordon L. Hackman, Louisiana Bar Roll number 6398, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions recommended by the disciplinary board. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
NOTES
[1] Because the ODC concurred in petitioner's reinstatement, no formal hearing was held, and the matter was considered by the disciplinary board pursuant to Rule XIX, § 24(F) and (H).