983 So.2d 1246 (2008)
In re C. Hunter KING.
No. 2008-OB-0255.
Supreme Court of Louisiana.
March 7, 2008.
In re King, C. Hunter;Plaintiff; Applying for Petition for Declaratory Relief and Alternatively, for Automatic Reinstatement to the Bar.
Respondent's petition for reinstatement from his interim suspension is denied.
CALOGERO, C.J., concurs and assigns reasons.
JOHNSON, J., would grant reinstatement, and assigns reasons.
CALOGERO, Chief Justice, concurring and assigning reasons.
In this case, Respondent was interimly suspended from the practice of law under Sup.Ct. Rule XIX, § 19, and formal charges have since been filed, based upon his plea of guilty to a violation of La. Rev. Stats. 14:26 and 14:138, a conviction that was later set aside under La.Code Crim. Proc. art. 893(E)(2).
The sole question presented to the court by Respondent's petition is whether the setting aside of his conviction pursuant to La.Code Crim. Proc. art. 893 is equivalent to a reversal of his conviction for purposes of Sup.Ct. Rule XIX, § 19(D). This court rejected that argument in In re: Edwards, 99-1825 (La.7/2/99), 747 So.2d 6. See also Louisiana State Bar Ass'n v. Porterfield, 550 So.2d 584 (La.1989). Because a reversal of the conviction is the singular ground for automatic reinstatement under Sup.Ct. Rule XIX, § 19(D), Respondent's petition for automatic reinstatement from interim suspension under that provision is properly denied.
Furthermore, because disciplinary proceedings have only just formally commenced, we are not at this time being asked to consider any recommended discipline by the Disciplinary Board. Thus, the action of the court today is not a decision on the appropriate sanction for the alleged misconduct.
JOHNSON, J., granting the application for reinstatement, and assigning reasons.
On June 26, 2007, this Court ordered that applicant, C. Hunter King be placed on "Interim Suspension" and "suspended from the practice of law on an interim basis pursuant to Supreme Court Rule XIX, § 19," which provides that "[u]pon learning that an attorney has been convicted of a crime . . . the disciplinary counsel shall secure a certificate of such conviction." See, Section 19(A). Without having a hearing, the Office of Disciplinary Counsel determined that the crime, i.e., payroll fraud, constituted a "serious crime.,"[1] After Mr. King completed a six month period of probation on December 3, 2007, his conviction was "set aside and the prosecution dismissed" and his criminal record was expunged. On February 1, 2008, Mr. King applied for dissolution of his interim suspension and reinstatement to the practice of law, based on the fact that he was acquitted, by expungement, of all criminal charges previously lodged against him.
At issue is whether a conviction which has been "set aside" under the provisions of LSA-C.Cr.P. art. 893, is a conviction of *1247 a crime for purposes of imposing discipline.
Supreme Court Rule XIX, § 19 provides that:
D. Automatic Reinstatement from Interim Suspension upon Reversal of Conviction.
An attorney will be reinstated immediately on the reversal of his conviction for a serious crime that has resulted in his suspension, but the reinstatement will not terminate any disciplinary proceedings then pending against the attorney.
This statute clearly provides that the reversal of conviction entitles an attorney to immediate reinstatement from interim suspension. Under Supreme Court Rule XIX, § 19(D), Mr. King is entitled to an automatic reinstatement from interim suspension since the district court has set aside his conviction.
In Louisiana State Bar Ass'n v. Babovich, 569 So.2d 946 (November 16, 1990). This Court held that reversal of a conviction, which formed the basis for suspension warrants vacation of the suspension, without prejudice. In Babovich, this Court noted:
Supreme Court Rule XIX, § 19 is a corollary of Rule 19, § 19(C), under which this court may suspend a lawyer who has been convicted of a serious crime even before the conviction has become final. The reason for that rule is to prevent the injustice to the public and to the good name of the legal profession that would likely result from permitting an attorney who has been convicted of a serious crime to continue to practice without having undergone appropriate discipline. On the other hand, in order to provide fairness and due process to the suspended attorney, if he is able to obtain reversal in a showing on appeal that the lower court determination was erroneous, Rule 19, § 19(D), provides for mandatory vacation of the suspension and for his reinstatement. Indeed, as one court has observed, under such a rule "it is axiomatic that his reinstatement will be both automatic and retroactive upon such reversal." (Citations omitted).
Id.
In Babovich, this Court annulled and vacated the respondent's suspension.
In Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987), Reis entered a conditional plea under a similar statute, LSA-R.S. 40:983,[2] after being charged under LSA-R.S. 40:967(C) with possession of cocaine. After Reis completed his probationary period, the district court entered an order under the terms of the statute dismissing the proceedings against him. This Court concluded, in that case, that a dismissal of prosecution was "tantamount to an acquittal" and could not be used to prove Reis was guilty of illegal conduct, moral turpitude, or conduct adversely *1248 reflecting on his fitness to practice law.
LSA-C.Cr.P. art. 893 provides, in pertinent part, that:
E. (1)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole. . . .
* * * * *
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. . . .
LSA-R.S. 44:9 provides, in pertinent part, that:
(E)(1)(b) After a contradictory hearing with the district attorney and the arresting law enforcement agency, the court may order expungement of the record of a felony conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure. Upon the entry of such an order of expungement, all rights which were lost or suspended by virtue of the conviction shall be restored to the person against whom the conviction has been entered, and such person shall be treated in all respects as not having been arrested or convicted unless otherwise provided in this Section or otherwise provided in the Code of Criminal Procedure Articles 893 and 894.
In In Re Vaughn, 97-1862 (La.9/19/97), 701 So.2d 145, an attorney was suspended from the practice of law for a period of thirty-six months based on his federal conviction for three counts of mail fraud. Once the suspension ended, the petitioner filed for reinstatement, and the Office of Disciplinary Counsel concurred in the petition for reinstatement. After oral argument, the disciplinary board concluded that petitioner demonstrated to the satisfaction of the board that he possessed the requisite honesty and integrity to be reinstated to the practice of law and had demonstrated by clear and convincing evidence that he satisfied the criteria for reinstatement.
In In Re Ashy, 01-2687 (La.10/26/01), 802 So.2d 1251, this Court suspended petitioner from practice for a period of two years because of the petitioner's sexual relationship with a female client. The petitioner made unwelcome sexual advances toward his client and conditioned the quality of his representation upon her participation in an ongoing sexual relationship. This court found petitioner's conduct constituted a violation of Rules 1.7(b), 2.1, and 8.4 of the Rules of Professional Conduct. After serving his suspension, the petitioner filed an application for reinstatement, and Office of Disciplinary Counsel did not oppose the application. Following a hearing, the committee found that petitioner proved by clear and convincing evidence that he had satisfied the criteria for reinstatement. The committee recommended that petitioner's application for reinstatement be *1249 granted. Accordingly, this Court accepted the petitioner's application and ordered that he be reinstated to the practice of law in Louisiana.
In In re Shall, 03-0654 (La.4/4/03), 845 So.2d 355, this Court reinstated an attorney suspended for a period of three years based upon his purchase of unauthorized copy cards for the purpose of copying records at the Orleans Parish Notarial Archives.
In In re Casanova, 05-1032 (La.5/13/05), 901 So.2d 1038, this Court reinstated an attorney who was suspended for eighteen months stemming from multiple counts of neglect of legal matters and failure to communicate, involving several clients, as well as charges of failure to cooperate and the failure to properly terminate the representation of his clients. This Court found that Casanova met his burden of proof that he was entitled to be conditionally reinstated to the practice of law, subject to an eighteen-month period of supervised probation.
In In re Hackman, 06-0892 (La.6/2/06), 930 So.2d 942, this Court reinstated to the practice an attorney suspended for 30 months for misconduct involving the conversion of client and third-party funds finding that he met his burden of proof that he was entitled to be reinstated to the practice of law. Hackman was immediately reinstated, subject to a two-year period of supervised probation, with conditions.
In In re Cleveland, 06-1745 (La.7/13/06), 933 So.2d 793, this Court reinstated an attorney who was suspended from the practice of law for three years based upon his federal conviction of tax conspiracy and aiding and abetting the filing of a false tax return.

CONCLUSION
The Office of Disciplinary Counsel has opposed applicant's reinstatement arguing that, notwithstanding the provisions of LSA-C.Cr.P. art. 893 and the expungement of his conviction, Mr. King's conviction still exists for the purposes of the Supreme Court Rule XIX, Section 19, and the expungement does not alter the historical fact of his conviction. Thus, the Office of Disciplinary Counsel concludes that Mr. King's application must be denied.
In support of its argument, the Office of Disciplinary Counsel relies upon Louisiana State Bar Ass'n v. Porterfield, 550 So.2d 584 (La.1990). (Porterfield was charged with possession of 28 grams of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1), and suspended for three years. This Court found that the respondent knowingly possessed a large quantity of cocaine with intent to distribute to a known drug dealer.) Porterfield can be clearly distinguished from the case at hand in that Mr. King was not charged with a serious drug offense, but payroll fraud.
In my view, Mr. King is entitled to be immediately reinstated, with conditions, if necessary. At the very least, Mr. King is entitled to a hearing pursuant to Supreme Court Rules, Rule XIX, § 23[3] to determine whether he satisfies the criteria for reinstatement. Fundamental fairness dictates that Mr. King should not be excluded *1250 from the profession for a lengthy period under an order of "Interim Suspension."
NOTES
[1] A "serious crime," is a "felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon attorney's moral fitness to practice law." See, Section 19(B).
[2] LSA-R.S. 40:983 then provided, in pertinent part, that:

Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966C, 40:967C, 40:968C, 40:969C, 40:970C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
[3] Supreme Court Rules, Rule XIX, § 23, provides, in pertinent part, that:

A lawyer who has served a suspension period of one year or less pursuant to disciplinary proceedings, . . . shall be reinstated at the end of the period of suspension by filing with the court and serving upon disciplinary counsel an affidavit stating that the lawyer has fully complied with the requirements of the suspension order, has filled the attorney registration statement . . . and has paid currently owed bar dues, . . . and disciplinary costs.