[No. C. D. 5224.   En Banc.   July 6, 1967.]

*In the Matter of the Disciplinary Proceedings Against*
Bradford A. Caffrey, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

*Melvin Bettis,* for respondent.

PER CURIAM.—Practically from the outset of his short but stormy legal career,[1] Bradford A. Caffrey was demonstrating how easy it would be to mislead judges, accustomed to regarding the lawyers who practiced before them as honorable individuals.[2] Brief as that career has been, it was marked by a 30-day suspension;[3] by a commitment for contempt;[4] and by at least one other instance of questionable attitude which reached the attention of this court[5] prior to the present disciplinary proceeding.

In consequence of the present proceeding, a trial panel of lawyers and the Board of Governors of the Washington State Bar Association have recommended that Mr. Caffrey be disbarred. This recommendation is primarily based upon his efforts to get a 14-year-old girl to testify falsely that she had not had sexual intercourse with a young man whom Mr. Caffrey was defending on a carnal knowledge charge.

*Reported in 429 P.2d 880.

[1]Admitted to practice September 20, 1961.

[2]See *In re Caffrey,* 63 Wn.2d 1, 385 P.2d 383 (1963). The majority there referred euphemistically to his conduct as evincing "a lack of candor both to the court and to opposing counsel." (p. 6)

[3]*In re Caffrey, supra;* October 5, 1963 to November 5, 1963.

[4]*State v. Caffrey,* 70 Wn.2d 120, 422 P.2d 307 (1966).

[5]*Caffrey v. Chem-ionics Corp.* 69 Wn.2d 641, 419 P.2d 809 (1966).

■ This attempted subornation of perjury was one of five complaints against Mr. Caffrey involved in the present disciplinary proceeding. The other four complaints will be noted only in passing. Three of them, if standing alone, the trial panel would have dismissed, but the Board of Governors considered that they merited censure or reprimand. The other complaint involved the filing by Mr. Caffrey of an affidavit which made an entirely unwarranted and unjustified attack on a superior court judge (who had decided a matter adversely to Mr. Caffrey's contentions), and was deemed by the trial panel conducting the hearing sufficiently opprobrious to warrant suspension for a year; and in this recommendation the Board of Governors concurred.

It would seem that Mr. Caffrey never, at any time, had the faintest glimmer of what it means to be a member of an honorable profession, or of the respect due to the courts of justice and judicial officers. Our Canons of Ethics and the obligations of his oath as an attorney had no real meaning to him. The present culmination was inevitable.

A request was made for leave to resign from the Washington State Bar Association. This is not a situation which would even warrant the discussion of resignation.

We accept the recommendation of the Board of Governors relative to the disbarment of Bradford A. Caffrey. It is ordered that Bradford A. Caffrey be, and he is hereby, permanently disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys.