## IN THE MATTER OF JOSEPH FOSTER, AN ATTORNEY-AT-LAW.

Argued December 21, 1971—Decided January 24, 1972.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. John W. Noonan* argued the cause for respondent.

PER CURIAM. The Essex County Ethics Committee has filed a presentment finding, on charges made by it against respondent, that he, as a witness before the Essex County Grand Jury and in a criminal trial in the Superior Court, "did willfully and corruptly testify as to material facts which he well knew were false and that he did commit, and is guilty of, perjury and false swearing contrary to and in violation of *N. J. S.* 2A:131–1 and *N. J. S.* 2A:131–4, and that

such false testimony was an obstruction of and prejudicial to the administration of justice."

The offenses and the circumstances surrounding them are admitted by respondent. They grew out of a criminal investigation of alleged conspiratorial schemes to obtain moneys from a liability insurance company by false pretenses through presenting claims for fictitious accidents, which involved several attorneys, physicians, employees of the insurance company and others. See *In re Perrella, 57 N. J.* 98 (1970).

One of the attorneys charged had approached respondent and secured some of his stationery which the attorney used to present a claim to the company, in respondent's name, for an alleged fictitious accident. The matter was later "settled" by that attorney and the payment drafts were delivered to him. They contained respondent's name and, at the attorney's request, were endorsed by respondent and returned to the attorney. Respondent claims that he was not a participant in the alleged fraud or even aware of it, did not know his stationery was to be used in connection with it and did not personally profit in any sense. The Committee's charges did not relate to respondent's activities in this connection, but rather to his subsequent conduct.

During the course of the prosecutorial investigation, respondent was called as a witness before the Grand Jury, at which time he denied, under oath, that he had made his stationery available or endorsed the drafts. At the criminal trial of the attorney involved, he gave the same testimony as a witness for the state. (The attorney, in his own testimony, said that respondent had given him the stationery and endorsed the drafts.) The attorney's conviction was reversed by the Appellate Division for trial errors (*State v. Zwillman,* 112 *N. J. Super.* 6 (1970), certif. denied 57 *N. J.* 603 (1971)) and a new trial was had. At that trial (at which the attorney was again convicted) respondent told the truth and admitted that he had deliberately lied in his previous testimony, saying he had done so in order to protect himself from indictment.

False testimony in a judicial proceeding is one of the most serious and reprehensible transgressions a lawyer may commit. It is nothing less than a blatant and purposeful obstruction of the administration of justice, the upholding and furtherance of which is a prime obligation of all members of the bar. Such conduct is demonstrative of unfitness to practice law and is not mitigated, at least in this case, by subsequent recantation. The nature of the offenses here is such that nothing less than disbarment can be considered. *Cf. In re Toscano,* 13 *N. J.* 554 (1953).

Respondent is disbarred and his name will be stricken from the roll of attorneys.

*For disbarment*: Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*: None.