(No. 43554.— ▇▇▇▇▇▇▇▇▇▇)

*In re* MICHAEL R. FUMO, Attorney, Respondent.

*Opinion filed September 20, 1972*

JAMES P. CHAPMAN, of Chicago, for respondent.

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

MR. JUSTICE DAVIS delivered the opinion of the court:

The sole issue in this disciplinary proceeding, brought under Supreme Court Rule 751 (Ill.Rev.Stat. 1969, ch. 110A, par. 751), is the measure of discipline to be imposed upon the respondent, Michael R. Fumo.

The cause is before us on the respondent's objections to the report and findings of the Committee on Grievances of the Chicago Bar Association, which recommended that he be disbarred. The Board of Managers of the Chicago Bar Association, sitting as Commissioners of this court, overruled the objections and approved the report and findings of the Committee on Grievances.

The recommendation was a consequence of the respondent's plea of guilty in the United States District Court to a multi-count criminal indictment charging him with violating section 1341 of Title 18 of the United States Code, in that he devised a scheme, in concert with George J. Pope, a physician, to defraud and obtain money under false pretenses from certain insurance companies and from his own clients.

The respondent entered a plea of guilty to the indictment. He was adjudged guilty as charged, was placed on probation for a period of three years, the first 60 days to be spent in jail, was fined the sum of $5,000, and as further conditions of probation, the judgment order provided that he be immediately referred to the proper authorities of the State of Illinois for disbarment, that the United States Attorney go forward with disbarment proceedings, and that the respondent make restitution. No proof relative to the violation of section 1341, other than the indictment and the respondent's plea of guilty thereto, was entered in evidence before the Grievance Committee.

The respondent admitted to the Committee on Grievances that he had pleaded guilty to the criminal offenses alleged in the complaint for disciplinary action, but denied that he was guilty of: misconduct involving moral turpitude; conduct tending to bring the legal profession into disrepute; and conduct unbecoming a member of the legal profession. He here asserts that the recommendation of the

disciplinary committee is unduly harsh and severe, and is not consistent with Illinois disciplinary precedents.

The respondent offered proof in mitigation which showed that he had served 60 days in the Du Page County jail; that he had paid his $5,000 fine; and that he had made full restitution to the insurance companies and to his clients, as directed by his probation officer and by order of the court. He called witnesses who testified that his reputation for honesty and integrity was good, and that he was an upstanding member of his community. Testimony was also offered on his behalf that his youngest son suffered from a serious affliction, hypsarrythmia, which resulted from anoxic brain damage which occurred shortly after birth, and that his efforts to cure the affliction had created an extraordinary financial burden upon him.

Prior decisions of this court have established that in disciplinary proceedings, conviction of a crime involving moral turpitude is conclusive evidence of an attorney's guilt and is a ground for disbarment (*In re Eaton (1958), 14 Ill.2d 338, 340; In re Teitelbaum (1958), 13 Ill.2d 586, 588*); and that violation of section 1341 of Title 18 of the United States Code (18 U.S.C.A. sec. 1341) is a crime involving moral turpitude. In the case of *In re Needham (1936), 364 Ill. 65,* at page 70, the court said: "Attempting to obtain the money or property of others by fraud or false pretenses, whether through the use of the mails or otherwise, involves moral turpitude." Also see: *In re Eaton (1958), 14 Ill.2d 338.* The respondent does not question the validity of these precedents, but contends that the recommendation that he be disbarred is too severe.

Several earlier decisions of this court have been cited by the respondent in support of his argument that disbarment from the practice of law is not justified. (*In re Damisch (1967), 38 Ill.2d 195; In re Sullivan (1965), 33 Ill.2d 548; In re Gavin (1961), 21 Ill.2d 237; In re Teitelbaum (1958), 13 Ill.2d 586; In re Borchardt (1934), 357 Ill. 458.*) In particular, the respondent refers to the mitigating circumstances which were considered by the

court in determining the penalities in these cases, and he urges that the extenuating circumstances surrounding his conduct were at least as impelling as in the cited cases.

In the case at bar, the United States District Court included in its judgment of conviction as a condition of probation that the respondent be immediately referred to the proper authorities of the State of Illinois for disbarment, and that the United States District Attorney go forward with the disbarment proceedings. In the case of *In re Teitelbaum,* the United States District Court saw fit to permit Teitelbaum's name to remain on the role of attorneys which were authorized to practice before it, and the Court of Appeals on review of the case was critical of the United States District Attorney who had endeavored to have Teitelbaum's name stricken from the roll. Thus, these cases are readily distinguishable, and generally, the measure of the penalty to be imposed will vary with the facts and mitigating circumstances of each case. *In re Sullivan (1965), 33 Ill.2d 548, 554.*

While the respondent's conviction is conclusive evidence of his guilt, it does not preclude the consideration of other evidence for the purpose of determining the appropriate disciplinary action. *In re Crane (1961), 23 Ill.2d 398, 400.*

The respondent's actions were not an isolated aberration on a long and otherwise honorable record of devotion to the practice of law, and the mitigating circumstances surrounding his case carry a less impelling impact than the relative circumstances in certain of the cases which he cited in support of his contention that suspension would adequately discipline him for his misconduct. His misconduct consisted of a deliberate, calculated series of individual acts, over an extended period of time, all designed to extract funds from insurance companies, as well as from his own clients. Those clients had faith in him as a lawyer and in the legal profession generally. They entrusted their legal affairs to him and the profession, as

persons are compelled to do in the complex society in which we all live. He failed in that trust.

We can only recite the charges lodged against the respondent in an effort to demonstrate the nature of his offense. These were that he, together with the physician with whom he was allied in his nefarious scheme, prepared medical bills and reports which contained false and fraudulent statements; that the respondent sent his clients to that physician; and that the physician rendered bills far in excess of the amounts actually due and owing for the services rendered and the injuries involved. The indictment further charged that the respondent deducted the full amounts of the physician's excessive charges from the settlements due his clients; that he induced his clients to absent themselves from their employment; to pretend injuries; and ultimately to undergo hospitalization in order to increase their alleged damages. He was also charged with having submitted false garage repair bills to the complaining insurance companies; and finally, with withholding varying amounts from the total settlements due his clients. The respondent pleaded guilty to these charges. We can only speculate as to the total amount of money involved, and the extent to which this fraud was perpetrated.

Under these circumstances, we find no fault with the report of the Commissioners or their recommendation. However, the final responsibility for fixing the respondent's punishment rests with this court. After considering all of the facts and extenuating circumstances involved here, we believe the conduct of the respondent shows a lack of fidelity to private trust, which tends to defeat the administration of justice and to bring the legal profession into disrepute. Thus, the interests of justice can only be served by disbarment, as recommended by the Commissioners.

The finding and report of the Commissioners is approved and the respondent's name is stricken from the roll of attorneys of this court.

*Respondent disbarred.*