MARYLAND STATE BAR ASSOCIATION, INC. AND
BAR ASSOCIATION OF MONTGOMERY COUNTY,
MARYLAND *v.* ROSENBERG

[Misc. Docket (Subtitle BV) No. 6, September Term, 1974.]

*Decided December 18, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, ELDRIDGE and O'DONNELL, JJ.

*Henry J. Manahan,* with whom was *Cornelius J. Vaughey, Jr.,* on the brief, for the Bar Associations.

*Jayson Amster* and *Alan Jay Goldstein* for Harvey Rosenberg.

MURPHY, C. J., delivered the opinion of the Court.

On June 12, 1974, the Maryland State Bar Association and the Bar Association of Montgomery County, pursuant to Maryland Code (1968 Repl. Vol.) Art. 10, § 13 and Maryland Rule BV3, filed separate petitions charging Harvey Rosenberg, a member of the Maryland Bar, with the commission of an act of professional misconduct, deceit, a crime involving moral turpitude, and conduct prejudicial to the administration of justice. The petitions alleged that Rosenberg's misconduct constituted a violation of Canon 1, Disciplinary Rule 1-102 (A) (1) through (6) of the Code of Professional Responsibility; that he was indicted on October 27, 1966, and convicted on January 31, 1972, by a jury in the United States District Court for the Southern District of New York of violating 18 U.S.C. § 1621 (perjury before a Federal Grand Jury); that on November 13, 1972, the United States Court of Appeals for the Second Circuit affirmed the conviction without opinion (*United States v. Rosenberg,* 468 F. 2d 632 (2d Cir. 1972)); and that on April 16, 1973, the Supreme Court denied Rosenberg's petition for a writ of certiorari (*Rosenberg v. United States,* 411 U. S. 932, 93 S. Ct. 1898, 36 L.Ed.2d 391 (1973)).

On June 19, 1974, we directed that the charges be transmitted for hearing to a three-judge panel in the Circuit Court for Montgomery County. Maryland Rule BV3 and 4. Rosenberg answered the charges, contending that he was not in fact guilty of perjury, deceit, or conduct prejudicial to the administration of justice; that even if he were guilty, he should not be disbarred; and that Maryland Rule BV4 f 1,

making a final judgment of conviction "conclusive proof" of guilt, unconstitutionally deprived him of due process.[1] At the hearing before the three-judge panel held on August 14, 1974, Rosenberg claimed that he had been unjustly convicted of perjury and that he had filed a motion for a new trial on grounds of newly discovered evidence. He said that the motion was set for a hearing in the District Court on December 9, 1974, and urged that the proceedings be held in abeyance pending determination of the motion.

On October 10, 1974, the three-judge panel filed its "Memorandum and Recommendation," finding from the evidence before it that the allegations contained in the petitions had been proved. It concluded that Rosenberg had been convicted of perjury, a crime of moral turpitude by the final judgment of a judicial tribunal and, citing Rule BV4 f 1, that his conviction was conclusive proof of his guilt of the offense. The panel specifically found that Rosenberg had violated Disciplinary Rule 1-102(A)(1), (3), (4) and (5): [2]

"DR 1-102 Misconduct.

(A) A lawyer shall not:

    (1) Violate a Disciplinary Rule.

    . . .

    (3) Engage in illegal conduct involving moral turpitude.

    (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

    (5) Engage in conduct that is prejudicial to the administration of justice."

---

1. Maryland Rule BV4 f 1 provides in pertinent part:

"In a hearing of charges pursuant to this Rule, a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of such crime. . . ."

2. We formally adopted the Code of Professional Responsibility on October 13, 1970. *See* Maryland Rule 1230. *See also* Bar Ass'n v. Marshall, 269 Md. 510, 511 n. 1, 307 A. 2d 677, 678 n. 1 (1973).

The panel recommended that Rosenberg be disbarred from the practice of law.

Rosenberg filed four exceptions to the panel's findings and recommendation, viz, (1) that Rule BV4 f 1 unconstitutionally deprived him of due process of law; (2) that the findings and recommendation were clearly erroneous and contrary to the applicable law and evidence presented; (3) that the findings and recommendation were arbitrary and capricious; and (4) that the recommendation was devoid of humanity and substantial justice. In support of these exceptions, Rosenberg presented two arguments: first, that his conviction was not a "final judgment" within the meaning of Rule BV4 f 1, because of the pending motion for a new trial based on newly discovered evidence, and second, that because Rule BV4 provides for a hearing, it must be a meaningful one, and consequently the failure to hold a hearing on the "ultimate fact" — whether perjury was indeed committed — renders the hearing meaningless. This is especially true, Rosenberg contends, where the fact from which the conclusive presumption of guilt is drawn is reopened by the filing of the new trial motion.

We entertain not the slightest doubt that a conviction in a criminal case, State or federal, is final for purposes of Rule BV4 f 1 where, as here, the pending new trial motion was filed after the conviction had been affirmed on appeal and certiorari denied by the Supreme Court of the United States. See *Maryland State Bar Association v. Kerr*, 272 Md. 687, 326 A. 2d 180 (1974). Cf. *Linkletter v. Walker*, 381 U. S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965); *Tull v. Warden*, 262 Md. 299, 278 A. 2d 599 (1971); *Young v. Warden*, 245 Md. 76, 224 A. 2d 842 (1966); *Terry v. Warden*, 243 Md. 610, 221 A. 2d 691 (1966). In any event, the docket entries in the District Court reflect that at the long-delayed hearing on Rosenberg's motion for a new trial held on December 9, 1974, the motion was withdrawn in open court with prejudice. Rosenberg's first argument is thus premised on an erroneous factual foundation and is plainly devoid of merit.

As to Rosenberg's second argument, other states provide,

as we do, by rule, statute, or case law, that a conviction of an attorney is conclusive proof of guilt. *See, e.g., In re Metheany*, 104 Ariz. 144, 449 P. 2d 609 (1969); *In re Higbie*, 6 Cal. 3d 562, 99 Cal. Rptr. 865, 493 P. 2d 97 (1972); *In re Fumo*, 52 Ill. 2d 307, 288 N.E.2d 9 (1972); *Kentucky State Bar Ass'n v. Lester*, 437 S.W.2d 958 (Ky. 1968); *In re Lurkins*, 374 S.W.2d 67 (Mo. 1964). The constitutionality of these procedures has not been seriously questioned. The requirements of due process having been satisfied at the criminal trial, and the attorney's guilt having been established beyond a reasonable doubt at that proceeding, a new or other inquiry into the guilt of the attorney for disciplinary purposes is not mandated by either the State or federal constitutions. Rule BV4 f 2 provides that, notwithstanding the provisions of Rule BV4 f 1, any party to a disciplinary proceeding may introduce additional evidence. While the question of guilt may not be relitigated, an opportunity for a meaningful hearing is thereby afforded to adduce evidence in mitigation of the offense in order to ascertain the appropriate disciplinary sanction to be applied for the attorney's misconduct.

Rosenberg was convicted of knowingly making false statements concerning material matters to a grand jury after having taken an oath to testify truthfully. Such conduct plainly violates the disciplinary rule on misconduct. Indeed, perjury is conduct reeking of moral turpitude; involving dishonesty, fraud, deceit, or misrepresentation; and prejudicial to the administration of justice. *See, e.g., In re Foster*, 60 N. J. 134, 286 A. 2d 508 (1972):

> "False testimony in a judicial proceeding is one of the most serious and reprehensible transgressions a lawyer may commit. It is nothing less than a blatant and purposeful obstruction of the administration of justice, the upholding and furtherance of which is a prime obligation of all members of the bar. Such conduct is demonstrative of unfitness to practice law. . . ." 60 N. J. at 136, 286 A. 2d at 509.

*See also In re Allen,* 52 Cal. 2d 762, 344 P. 2d 609 (1959) (soliciting others to commit perjury); *In re Ruggiero,* 40 App. Div. 2d 135, 338 N.Y.S.2d 749 (S. Ct. App. Div. 1972) (per curiam); *In re Caffrey,* 71 Wash. 2d 554, 429 P. 2d 880 (1967) (attempted subornation of perjury).

Since Rosenberg was convicted of a crime involving moral turpitude, and no compelling circumstances were presented justifying a lesser sanction, we agree with the findings and disbarment recommendation of the three-judge panel and order that the name of Harvey Rosenberg be stricken from the rolls of those authorized to practice law in Maryland.

*It is so ordered.*