## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* JAMES ALEXANDER PINE, JR.

[Misc. (BV) No. 11, September Term, 1978.]

*Decided October 6, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, COLE, DAVIDSON and RODOWSKY, JJ.

*Melvin Hirshman, Bar Counsel,* for petitioner.

*Joseph F. Murphy, Jr.,* for respondent.

SMITH, J., delivered the opinion of the Court.

James Alexander Pine, Jr., a member of the Bar of this Court, was convicted in the United States District Court for the District of Maryland of violating 18 U.S.C. §§ 1341 and 2 (mail fraud, aiding and abetting). Promptly thereafter, Bar

Counsel, acting on behalf of the Attorney Grievance Commission of Maryland, moved under Maryland Rule BV16 for Pine's suspension from the practice of law. We suspended him on January 5, 1979. Bar Counsel filed a petition for disciplinary action when that conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. Pursuant to Rule BV9 b, we directed that the matter be transmitted for hearing to Judge Albert P. Close of the Third Judicial Circuit of Maryland.

Judge Close has now filed with us his findings of fact and conclusions of law. His findings of fact state in pertinent part:

"The violations alleged arose out of one matter being handled by Respondent for a client, the facts of which in pertinent part may be summarized as follows:

On April 9, 1977 in Baltimore County, Maryland, while operating a motor vehicle insured by Allstate Insurance Company, John Paul Daniel was struck in the rear by a motor vehicle insured by United States Fidelity and Guaranty Company. Later that same day Daniel employed Respondent to represent him in a claim for personal injuries arising out of the accident.

Respondent was formally charged in the United States District Court for the District of Maryland with violation of Sections 1341 and 1342 [sic] of the United States Code under a twelve count indictment on November 3, 1977. That indictment included violations covering the period of April 9, 1977 to and including September 20, 1977. On June 7, 1978 Respondent was found guilty after a jury trial of charges contained in Counts One through Six, covering the period from April 9, 1977 through June 6, 1977, of mail fraud and aiding and abetting mail fraud. The fraudulent actions concerned procuring a false lost wage letter which was submitted to insurance companies as a part of the claim

concocting a false statement of Daniel that he had no prior back problems, when in fact he did, and the exaggeration of the nature and extent of the injuries actually suffered by Daniel. The record of these proceedings is replete with details of the actions of Respondent and Daniel which led to the indictment and ultimate convictions.

On August 10, 1978 as to Count One Respondent was sentenced to a term of imprisonment for three years on the condition that he be confined in a jail-type or treatment institution, for a period of six months, with the remainder of the sentence of imprisonment suspended. Respondent was placed on probation for two years to commence upon his release from confinement. As to Counts Two through Six, Respondent was sentenced to imprisonment for a term of two years, sentence suspended and placed on probation for a period of two years concurrent with the probation under Count One."

The conclusions of law of Judge Close are in pertinent part:

"The federal crime of mail fraud is a crime involving moral turpitude. *Attorney Grievance Commission v. Gerald Ney Klauber,* [289 Md. 446, 423 A.2d 578 (1981)].

"By his conviction of mail fraud and aiding and abetting mail fraud, Respondent has violated the following Disciplinary Rules:

Disciplinary Rule 1-102 — Misconduct:

    (A) A lawyer shall not:
        (1) Violate a Disciplinary Rule.
        (3) Engage in illegal conduct involving moral turpitude.
        (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

Disciplinary Rule 7-102 — Representing a Client Within The Bounds of the Law.

(A) In his representation of a client, a lawyer shall not:

(3) Conceal or knowingly fail to disclose that which he is required by law to reveal.

(4) Knowingly use perjured testimony or false evidence.

(6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

(7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule."

Pine filed two exceptions to the findings of fact and conclusions of law of Judge Close. The first was based upon his refusal "to make a Finding of Fact on the question of whether Respondent could have been convicted of false pretenses in a Maryland Court under the facts proven in his federal prosecution." It is argued that his "conviction of Counts 1 through 6, and his acquittal of Counts 7 through 12 compel the conclusion that, although he did mail six letters after having designed a fraudulent scheme, he withdrew from the scheme and was not a participant in the fraudulent scheme after June 6, 1977." This is answered by Rule BV10 e 1 which states, "In a hearing of charges pursuant to this Rule, a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive

proof of the guilt of the attorney of that crime." See also *Attorney Griev. Comm'n v. Klauber,* 289 Md. 446, 458, 423 A.2d 578 (1981); *Attorney Griev. Comm'n v. Barnes,* 286 Md. 474, 478-79, 408 A.2d 719 (1979); *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 527, 340 A.2d 710 (1975); *Maryland St. Bar Ass'n v. Rosenberg,* 273 Md. 351, 354-55, 329 A.2d 106 (1974); and *Maryland St. Bar Ass'n v. Kerr,* 272 Md. 687, 688-90, 326 A.2d 180 (1974). This is in accordance with the cases elsewhere. *See, e.g.,* the cases cited in *Rosenberg,* 273 Md. at 355.

The second exception — the point that was urged most strongly at oral argument before us — was that since "the criminal charges against Respondent involved only one isolated scheme," Judge Close should have made a finding of fact as to whether, as contended, Pine voluntarily withdrew his representation of the individual in question prior to Pine's becoming aware of the existence of the official investigation into his activities. We did remand the case for that purpose. Judge Close found that "[t]he uncontradicted testimony of the Respondent [is] to this effect . . . ."

A part of the record in this case is a transcript of the telephone conversations of Pine and his client which precipitated the federal prosecutions. These conversations were printed as a part of the appendix to Pine's brief in the United States Court of Appeals. They were admitted into evidence before Judge Close over the objection of Bar Counsel. The wiretap in question began pursuant to proper authority in connection with an investigation of an individual who later proved to be Pine's client. If the conviction in the United States District Court were not under the rule and our cases sufficient proof of Pine's complicity, those recorded conversations would dissipate any doubt.

Judge Close correctly cited our opinion in *Klauber,* 289 Md. at 458, for the proposition that the crime of which Pine stands convicted is one involving moral turpitude since, as we said in *Klauber,* "fraud is an essential element which must be proved in order for there to be a conviction under this statute."

We have been consistent in holding that conduct involving moral turpitude will result in disbarment in the absence of compelling circumstances justifying a lesser sanction. *See, e.g., Attorney Griev. Comm'n v. Kahn,* 290 Md. 654, 680-84, 431 A.2d 1336 (1981); *Klauber,* 289 Md. at 459; *Barnes,* 286 Md. at 481; *Siegel,* 275 Md. at 529; *Kerr,* 272 Md. at 690; *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 553, 318 A.2d 811 (1974), and cases there cited. Pine's withdrawal from his nefarious scheme, although commendable from the standpoint of showing some repentence, did not prevent his conviction of mail fraud. Taking the case as a whole, this withdrawal is not such a compelling circumstance as would justify a lesser sanction than disbarment. It follows, therefore, that Pine must be disbarred.

> *It is so ordered; respondent shall pay all costs as taxed by the clerk of this Court including costs of all transcripts pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against James Alexander Pine, Jr.*