Frank A. CARTER, Jr., Chief
Disciplinary Counsel,

v.

Andrew A. BUCCI.

No. 77–284–M.P.

Supreme Court of Rhode Island.

March 2, 1982.

Frank A. Carter, Jr., pro se.

John Tramonti, Jr., Providence, for respondent.

OPINION

PER CURIAM.

On January 7, 1982, the respondent, Andrew A. Bucci, appeared before this court on an order to show cause why he should not be disbarred from the practice of law in the courts of this state. The basis of the recent hearing was Bucci's 1980 conviction in the Superior Court for the practice of law while under suspension from this court. Our suspension order, dated August 22, 1977, had resulted from Bucci's January 30, 1976 conviction in the United States District Court for Connecticut for subornation of perjury.

This court suspended Mr. Bucci from the practice of law for a minimum period of two years. On January 4, 1980, Mr. Bucci was convicted in the Superior Court of engaging in the unauthorized practice of law in violation of G.L.1956 (1981 Reenactment) § 11–27–10. The evidence established that Mr. Bucci gave legal advice to a person charged with a felony during the period of his suspension. He was sentenced to serve six months at the Adult Correctional Institutions. This court affirmed his second conviction and sentence. *State v. Bucci*, R.I., 430 A.2d 746 (1981).

Supreme Court Rule 42–12(a) and (d) reads as follows:

"(a) Upon the filing with this court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, this court may direct the respondent attorney to show cause why he should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction."

"(d) Upon receipt of a certificate of a conviction of any attorney for a crime other than a crime referred to in (a) above, this court shall take such action as it deems warranted."

A suspended attorney's activities in counseling and advising persons regard-

ing their legal rights constitutes an unauthorized practice of law and justifies additional suspension, denial of reinstatement, and/or permanent disbarment. *In The Matter of Peterson*, 274 N.W.2d 922 (Minn. 1979); *Application of Christianson*, 215 N.W.2d 920 (N.D.1974). Similarly, the willful disobedience of a suspension order is contempt of court and justifies further indefinite suspension. *State v. Schumacher*, 214 Kan. 1, 519 P.2d 1116 (1974).

■ Our deliberations at this time are not limited to Mr. Bucci's most recent conviction for the unauthorized practice of law. Since that offense was committed in direct violation of our 1977 suspension order and constituted a deliberate contempt of this court, the entire record of his disciplinary proceedings is before us for our determination as to what action now would be appropriate.

In the first suspension order this court acknowledged that a conviction for a serious federal offense warranted disciplinary action because of the necessity for permitting only persons of integrity to engage in the practice of law.[1] As a result, it was the conclusion of the majority of this court that the suspension from practice for a minimum of two years would be a sufficient punishment at that time taking into account what the Federal District Court judge described as the punishment and retribution already suffered by reason of Mr. Bucci's public trial and conviction, and also that judges' observations about the charges. This court hoped that the suspension in addition to the other public consequences would have a salutary and deterrent effect. Obviously it did not. The record now before us proves a deliberate and conscious violation of our suspension order.

In view of the foregoing, we conclude that the only appropriate disposition in the case is to order the disbarment of Mr. Bucci. In doing so we emphasize that conduct which falls below the standards of honesty and integrity required of all attorneys will not be tolerated.

Consequently, it is ordered that Andrew A. Bucci be disbarred from the practice of law in this state.

---

1. There is abundant authority for the proposition that conviction for a crime involving perjury is gross misconduct and warrants disbarment. *In re Wright*, 69 Nev. 259, 248 P.2d 1080 (1952); *Matter of Foster*, 60 N.J. 134, 286 A.2d 508 (1972); *In re Mitchell*, 48 A.D.2d 410, 370 N.Y.S.2d 99 (1975); *Matter of Kerr*, 86 Wash.2d 655, 548 P.2d 297 (1976).