477 A.2d 1181

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Gale Sanders MOLOVINSKY.**

**Misc. Docket (BV) No. 21, Sept. Term, 1980.**

Court of Appeals of Maryland.

July 13, 1984.

Melvin Hirshman, and Kendall R. Calhoun, Bar Counsel and Assistant Bar Counsel for Attorney Grievance Commission, Annapolis, for petitioner.

Benjamin Lipsitz, Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

COLE, Judge.

This matter originally came to our attention in 1980, when we considered a petition, filed in accordance with Maryland Rule BV16, to suspend Gale Sanders Molovinsky (Molovinsky) from the practice of law. Because on July 31, 1980, Molovinsky had been found guilty of conspiracy to counterfeit United States Federal Reserve Notes, we entered an

order suspending him "from the practice of law until further Order of this Court." On appeal, Molovinsky's conviction in the United States District Court for the District of Maryland was affirmed. *United States v. Molovinsky*, 688 F.2d 243 (4th Cir.1982). After approximately eight months' incarceration, Molovinsky was released from prison on September 7, 1983. Thereafter, the Attorney Grievance Commission, by Bar Counsel, filed a petition for disciplinary action alleging that Molovinsky violated Disciplinary Rules (DR) 1–102(A)(1), (3), (4), (5) and (6). In accordance with Maryland Rule BV 9 *et seq.*, this Court ordered that the charges be transmitted to the Circuit Court for Montgomery County to be heard by the Honorable Calvin R. Sanders. After conducting an evidentiary hearing, Judge Sanders filed the following findings of fact and conclusions of law as supported by clear and convincing evidence:

1. That respondent was convicted in the United States District Court for the District of Maryland of the crime of conspiracy to counterfeit, and that the conviction was affirmed by the United States Court of Appeals, Fourth Circuit.

2. That the acts of respondent in furtherance of the conspiracy consisted of arrangements for (1) the distribution of counterfeit money, (2) access to a printing facility, (3) acquisition of paper, and (4) the production of two metal plates with the apparent likeness of the $20.00 Federal Reserve Note.

3. That the metal plates were, in fact, magic props with the appearance of currency plates, and were produced in order to convince the potential distributor of the seriousness of respondent's intentions.

4. That no counterfeit money was ever produced or distributed under the proposed plan of the conspirators.

5. That the nature of the crime and the acts performed by respondent involve moral turpitude.

6. That respondent violated the following Disciplinary Rules:

DR–102(A)—A lawyer shall not:

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

Molovinsky filed exceptions to these findings. Because he had admitted violating DR 1–102(A), (4), (5) and (6) in his *pro se* response to the petition for disciplinary action, his exceptions primarily focus on his assertion that the lower court erred in concluding that his conviction for the crime of conspiracy to counterfeit was conclusive proof that he had engaged in "illegal conduct involving moral turpitude."[1] DR 1–102(A)(3). His attack is two-fold: (1) that applying Maryland Rule BV10 e in this case, where he did nothing more than talk about counterfeiting, deprives him of due process of law; and (2) that the acts he was found to have performed did not involve moral turpitude.

■ In addressing Molovinsky's first complaint, Judge Sanders found this Court's opinion in *Attorney Griev. Comm'n v. Mandel*, 294 Md. 560, 451 A.2d 910 (1982), dispositive; we agree. Maryland Rule BV10 e provides that in disciplinary matters a final judgment from another proceeding convicting an attorney of a crime is conclusive proof of the attorney's guilt of that crime. In *Mandel*, we were faced with applying that Rule to a federal conviction that had been affirmed on appeal by an equally divided court. Judge Smith noted for the Court that many states have similar rules or statutes, *id.* at 569, 451 A.2d 910, and quoted Chief Judge Murphy's analysis of Rule BV4 f 1, the predecessor to present Rule BV10 e 1:

---

1. The exceptions filed by Molovinsky's counsel allege that the trial court erred in finding violations of these rules. Because we believe that violations of DR 1–102(A)(4), (5) and (6) clearly would follow from a finding that Molovinsky had engaged in illegal conduct involving moral turpitude, we focus only on DR 1–102(A)(3).

"[O]ther states provide, as we do, by rule, statute, or case law, that a conviction of an attorney is conclusive proof of guilt. *See, e.g., In re Metheany,* 104 Ariz. 144, 449 P.2d 609 (1969); *In re Higbie,* 6 Cal.3d 562, 99 Cal.Rptr. 865, 493 P.2d 97 (1972); *In re Fumo,* 52 Ill.2d 307, 288 N.E.2d 9 (1972); *Kentucky State Bar Ass'n v. Lester,* 437 S.W.2d 958 (Ky.1968); *In re Lurkins,* 374 S.W.2d 67 (Mo.1964). The constitutionality of these procedures has not been seriously questioned. The requirements of due process having been satisfied at the criminal trial, and the attorney's guilt having been established beyond a reasonable doubt at that proceeding, a new or other inquiry into the guilt of the attorney for disciplinary purposes is not mandated by either the State or federal constitutions. Rule BV4f2 provides that, notwithstanding the provisions of Rule BV4f1, any party to a disciplinary proceeding may introduce additional evidence. While the question of guilt may not be relitigated, an opportunity for a meaningful hearing is thereby afforded to adduce evidence in mitigation of the offense in order to ascertain the appropriate disciplinary sanction to be applied for the attorney's misconduct." [*Id.* at 571–72, 451 A.2d 910 (quoting *Maryland St. Bar Ass'n v. Rosenberg,* 273 Md. 351, 354–55, 329 A.2d 106 (1974)).]

Therefore, Judge Sanders did not err in relying on Molovinsky's federal conviction of the crime of conspiracy to counterfeit in concluding that he had violated DR 1–102(A)(3).

The only additional requirement is that Molovinsky's criminal conduct involve "moral turpitude." In *Attorney Griev. Comm'n v. Klauber,* 289 Md. 446, 423 A.2d 578, *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981), we considered the meaning of this term. In that case, we found that mail fraud was a crime of moral turpitude because that term connotes a fraudulent or dishonest intent. *See also Attorney Grievance Comm'n v. Reamer,* 281 Md. 323, 379 A.2d 171 (1977). In *Braverman v. Bar Assn. of Balto.,* 209 Md. 328, 344, 121 A.2d 473, *cert. denied,* 352 U.S. 830, 77 S.Ct. 44, 1 L.Ed.2d 51 (1956), we

defined moral turpitude as consisting of "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *See also Attorney Griev. Comm'n v. Andresen,* 281 Md. 152, 379 A.2d 159 (1977).

■ Molovinsky was convicted of conspiracy to counterfeit which is proscribed by 18 U.S.C. § 371 and § 471. To perpetrate a conspiracy two or more persons must conspire to commit an offense and then one or more of the persons must perform an act to effect the object of the conspiracy. 18 U.S.C. § 371. In this case, the offense Molovinsky conspired to commit was counterfeiting, described and proscribed by 18 U.S.C. § 471:

> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.

The federal cases interpreting this section make clear that an intent to defraud is required. *See U.S. v. First Nat. City Bank of New York,* 235 F.Supp. 894 (S.D.N.Y.1964).

■ Therefore, it seems clear that a conspiracy to counterfeit is a crime of moral turpitude. By definition the offense requires that one enter into an agreement to perform a dishonest act with the intent to defraud. Such behavior of itself demonstrates a dishonest intent and a depraved nature. That the conviction was for conspiracy rather than the substantive offense is of little significance. *See Attorney Griev. Comm'n v. Edwards,* 284 Md. 687, 399 A.2d 264 (1979); *Braverman v. Bar Assn. of Balto., supra.*

■ We have consistently held that absent compelling circumstances conduct involving fraud or deceit will result in disbarment. *See, e.g., Attorney Griev. Comm'n v. Pine,* 291 Md. 319, 435 A.2d 419 (1981); *Attorney Griev. Comm'n v. Klauber, supra; Attorney Griev. Comm'n v. Barnes,* 286 Md. 474, 408 A.2d 719 (1979). Molovinsky argues that

his sincere contrition and efforts at rehabilitation justify a sanction less than disbarment. However, conduct occurring after the crime does not constitute an extenuating circumstance; rather, only mitigating factors present at the time of the commission of the crime are relevant. *See Attorney Griev. Comm'n v. Mandel, supra.* Therefore, we shall impose the sanction of disbarment. Accordingly, the name of respondent Gale Sanders Molovinsky shall be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV 15c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST GALE SANDERS MOLOVINSKY

ELDRIDGE, J., concurs in the result.