483 A.2d 776

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Arthur Simon MEISNERE.**

**Misc. (Subtitle BV) No. 22, Sept. Term, 1982.**

Court of Appeals of Maryland.

Nov. 21, 1984.

Melvin Hirshman, Bar Counsel and Kendall Calhoun, Asst. Bar Counsel, Annapolis, for petitioner Atty. Grievance Com'n. of Md.

No appearance on behalf of respondent.

Argued Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a disciplinary petition alleging that Arthur Simon Meisnere violated the provisions of DR 1–102 (misconduct) of the Code of Professional Responsibility. We referred the matter to Judge Richard B. Latham, Associate Judge of the Circuit Court for Montgomery County, to make findings of fact and conclusions of law.

After conducting a hearing, Judge Latham determined that on October 29, 1982, the Respondent had been convicted of violating 18 U.S.C. § 1623 (giving perjured testimony before a Grand Jury) and 18 U.S.C. § 371 (conspiring knowingly to defraud the Internal Revenue Service). Judge Latham found that the Respondent had been sentenced to concurrent two-year sentences on the respective charges; that the time for appellate review of the convictions had expired; and that the Respondent had been disbarred by the United States District Court for the District of Maryland on January 26, 1983 and by the District of Columbia Court of Appeals on January 11, 1984.

The Respondent, who was released from confinement on May 11, 1984, did not appear at the hearing before Judge Latham. Neither did he appear at the hearing before us nor file exceptions to Judge Latham's findings.

Under Maryland Rule BV10 e 1, a final judgment of conviction of an attorney of a crime is conclusive proof of the attorney's guilt. Under the same rule, a final adjudication in a disciplinary proceeding by a judicial tribunal that an attorney has been found guilty of professional misconduct is conclusive proof of that misconduct.

We think disbarment is the appropriate sanction in this case, as recommended by Bar Counsel. *See Maryland St. Bar Ass'n v. Rosenberg,* 273 Md. 351, 329 A.2d 106 (1974) (disbarring attorney for perjury); *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974) (criminal offense involving element of knowing fraud grounds for disbarment in the absence of compelling extenuating circumstances).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ARTHUR SIMON MEISNERE.