Sharon SPARN

v.

Robert SPARN.

No. 93–343–Appeal.

Supreme Court of Rhode Island.

April 15, 1994.

William Chaika, Providence.

John E. McCann, Cranston.

ORDER

This matter came before this court on April 8, 1994 pursuant to an order directing both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Sharon Sparn (Ms. Sparn), appeals from the Family Court's denial of her motion to vacate certain provisions contained in the decision pending entry of final judgment and the final judgment entered in this divorce matter.

Ms. Sparn and defendant, Robert Sparn (Mr. Sparn), were married in March 1988 and divorced in 1991. At the time of the divorce hearing, Mr. Sparn owned several real estate holdings in his name. Some of these properties had been acquired prior to the marriage and three were acquired during the marriage. In an affidavit, Ms. Sparn detailed the work that she performed on various properties in the context of what she characterized as a combination business and romantic relationship with Mr. Sparn.

Ms. Sparn moved pursuant to Rule 60(b)(1), (3), (4), and (6) of the Rules of Procedure for Domestic Relations for the Family Court of Rhode Island to vacate the portion of the documents relative to an award to her in the amount of $10,000 in return for her waiving any interest in and to any real estate in Mr. Sparn's name individually and/or jointly with any other party, whether acquired before or during the marriage. She claimed that she learned after the July 1991 divorce trial that her attorney had been suspended from the practice of law effective on June 26, 1991 and that his representation of her was compromised by his disciplinary problems. She asserted that it was not explained to her that the offer of $10,000 was intended to have her release rights that she might have been able to pursue in a different court relative to pre-marital property. She also testified that Mr. Sparn used custody of the children to intimidate her from trying to obtain distribution of the assets.

The Family Court justice denied her motion, finding that at the time of the divorce hearing he had been satisfied with her counsel's representation. He concluded that she was fully aware of what was happening and what she would receive. He determined that she had not met the standards under Rule 60(b).

This court will reverse a trial justice's ruling on a motion to vacate a judgment "only upon a demonstrated and clear abuse of discretion." See Pari v. Pari, 558 A.2d 632, 634 (R.I.1989). Ms. Sparn has not persuaded this court that the Family Court justice abused his discretion in denying her motion.

Our affirmance of the Family Court's ruling in no way constitutes our approval or endorsement of the conduct of the attorney in question. The record reflects that, unbeknownst to his client, the court, or opposing counsel, he represented Ms. Sparn at the divorce hearing in violation of a suspension order of this court. This action amounts to contempt of court and would have justified further suspension. See Carter v. Bucci, 442 A.2d 865, 866 (R.I.1982). Under the circumstances of this particular case, however, we do not believe that the Family Court justice abused his discretion in denying Ms. Sparn's motion to vacate.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Consequently, the plaintiff's appeal is denied and dismissed.